**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JEFFREY D. BEDFORD, )
                            Plaintiff, )
 )
v. ) Case No. CIV-05-409-KEW
 )
ABC TELEVISION NETWORK; and )
RDF MEDIA LIMITED, )
 )
                            Defendants. )

## CORRECTED OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss and Motion for Order Compelling Arbitration (Docket Entry #13). These Motions are at issue and ripe for ruling. This Corrected Opinion and Order is entered to correct the scrivner's error in the ruling paragraph of the original Order.

Plaintiff commenced this action on October 11, 2005. Plaintiff alleges on September 26, 2004, Plaintiff entered into a contract with Defendants in order to participate in the production of a television program known as "Wife Swap." Plaintiff contends he was mislead into believing the "wife" participant with whom he would engage in the show would be a heterosexual female. In fact, his swap participant was a homosexual who "was the equivalent of the wife, but of the male gender."

Plaintiff alleges he was distraught over the misrepresentation and no longer wished to participate in the program's production. Defendants, however, allegedly threatened Plaintiff that if he did not film the program, they would not inform him of his wife's

location and would not pay to have her sent home.  Plaintiff alleges Defendants did not allow him to attend his college classes, resulting in him being dropped from one class.

Plaintiff also alleges he conducted a bible study class at his Baptist church, whereupon the homosexual swap participant invited the "gay coalition into his home for the study." Plaintiff also contends Defendants repeatedly told him his wife was leaving him, causing him to become physically and mentally ill.

Plaintiff asserts Defendants breached the aforementioned contract by "deceiving Plaintiff by sending a gay man to his home instead of a wife (a female)." Plaintiff further alleges a breach of the contract "by not allowing Plaintiff to speak to his wife (Melissa Bedford) during the filming of the episode" and "by not allowing Plaintiff to continue his school work during the filming of the episode."

Plaintiff also brings claims for intentional infliction of mental distress and fraud or misrepresentation.  The latter claim is based upon allegations that "Defendants (sic) representations regarding the filming of he (sic) episode were made recklessly and without regard to the rights of Plaintiff."  Based upon the totality of the allegations in the Complaint, Plaintiff contends punitive damages are also warranted.

Defendants challenge the sufficiency of Plaintiff's Complaint. Specifically, Defendants contend with regard to the breach of contract claim that (1) the provisions of the contract waive any

2

damage claim arising from the production of the television episode or Plaintiff assumed the risk of any such damages; (2) the contract contemplated the possibility of a male "wife" participant; and (3) the contract provided for Plaintiff's isolation from his spouse during production.  In relation to the intentional infliction of emotional distress claim, Defendants contend the conduct alleged by Plaintiff in support of this claim does not rise to the level of the outrageous conduct to prevail on this tort under Oklahoma law. On Plaintiff's fraud or misrepresentation claim, Defendants contend Plaintiff has not stated the claim with sufficient particularity and cannot be supported by virtue of the disclosures made within the contract.

Defendant ABC Television Network also specifically argues it should be dismissed from the case.  This Defendant contends it was not a party to the contract and, therefore, cannot be held liable for any alleged actions arising from it.

Defendants further assert Plaintiff agreed to binding arbitration in the State of New York to resolve any dispute arising from the parties' relationship.  Similarly, Defendants contend the contract with Plaintiff contains a specified venue provision which requires any litigation arising from the agreement be brought in New York.

In his response, Plaintiff contends (1) the contract with Defendants is unenforceable as a matter of law; (2) the facts arguably support a claim for intentional infliction of emotional

distress; (3) he brings a fraud/misrepresentation claim separate and apart from the contract for fraud in the inducement and misrepresentation during the performance of the contract.

Plaintiff asserts his claims against Defendant ABC Television Network should be permitted to move forward on the basis that it "is the company that seeks to obtain a financial windfall from [the program's] airing." Plaintiff also contends this Defendant will air the episode which will give rise to emotional distress, supporting the intentional infliction claim.

With regard to the arbitration clause, Plaintiff contends such a provision is unconscionable due to the unequal bargaining positions of the parties. Plaintiff also asserts Defendants fraudulently induced his to enter into this clause as a part of the contract as a whole. Plaintiff argues the venue clause is invalid as a matter of law.

Plaintiff further complicates the disposition of Defendants' Motion by attaching an affidavit executed by him which provides considerable factual information not contained in the complaint. Portions of the affidavit would arguably support a fraud in the inducement claim. The inclusion of the affidavit leaves this Court with limited options – two of which are recognized by Defendants. This Court could strike the affidavit as unnecessary to ruling upon Defendants' specific arguments, convert the motion to one for summary judgment which would require notice to the parties and the allowance of time to provide additional evidentiary support for

4

their respective positions, or permit the amendment of the complaint in this case to require Plaintiff to set forth his claims with particularity. As explained herein below, this Court chooses the last option.

Plaintiff's now asserted claim for fraud in the inducement requires a preliminary examination of the factual circumstances surrounding the transaction and must be resolved prior to either ordering arbitration or dismissing the case. <u>Shaffer v. Jeffery</u>, 915 P.2d 910, 917-18 (Okla. 1996). Plaintiff's fraud and misrepresentation claim stated in Count III of the complaint is sufficiently vague to encompass a fraud in the inducement claim. However, the same vagueness makes the complaint in its current form insufficient in light of the particularity requirements of Fed. R. Civ. P. 9(b) with regard to fraud claims. Permitting the amendment of the complaint to state the claim with particularity is preferable to acting on the affidavit and converting the motion. Because this fraud claim involves matters prior to, during and after the execution of the contract, it would be inappropriate for this Court to rule at this time upon the issues raised in the motion to dismiss by Defendants which rely upon specific contractual terms.

In order to avoid a return to this same procedural quandary in the pleadings, Plaintiff is forewarned that the attachment of an affidavit to any response to a request for dismissal will not be looked upon with favor in the future given the opportunity provided

5

in this Order for Plaintiff's amendment of the complaint. To this end, Plaintiff will be provided this single opportunity to align his claims with the positions he has stated in the response to the motion to dismiss. He should not expect another such chance. Upon the submission of the amended complaint, Defendants will be provided an opportunity to submit an additional dispositive motion or to inform the Court that the matter should be set back on a schedule for trial disposition.

IT IS THEREFORE ORDERED that the Order entered June 19, 2006 (Docket Entry #24) which reflected an erroneous ruling is hereby **VACATED**.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and Motion for Order Compelling Arbitration (Docket Entry #13) is hereby **DENIED**, without prejudice to asserting an additional such motion upon the filing of an Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff shall file an Amended Complaint, curing the deficiencies noted in this Order no later than **JULY 6, 2006**.

IT IS FURTHER ORDERED that Defendants will be permitted to either file an additional dispositive motion or inform the Court of their intent to forego such a filing and request that this case be placed back on the trial docket with an appropriate schedule no later than **JULY 20, 2006**. Responses and replies to any such motion will be filed in accordance with this Court's local rules.

IT IS SO ORDERED this 20th day of July, 2006.

                        Kimberly E. West
                        United States Magistrate Judge
                        Eastern District of Oklahoma