**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JEFFREY D. BEDFORD, )
)
       Plaintiff, )
)
v. ) Case No. CIV-05-409-KEW
)
ABC TELEVISION NETWORK; and )
RDF MEDIA LIMITED, )
)
       Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant ABC Television Network's[1] Motion to Reconsider Portion of March 19, 2007 Opinon (sic) and Order filed April 2, 2007 (Docket Entry #34). A response and reply have been filed to the Motion.

A complete recitation of the bygone facts of this case serves little to clarify the record. Rather, the facts remain largely the same as related in detail in this Court's Order of March 19, 2007. In the aftermath of that Order, the only remaining claims asserted by Plaintiff in this action are one for intentional infliction of emotional distress and another for fraud and/or misrepresentation against Defendant ABC Television Network ("ABC"). The claims against Defendant RDF Media Limited ("RDF") were found to be subject to the arbitration clause contained in the agreement between Plaintiff and RDF. Additionally, Plaintiff's claims for breach of contract and fraud in the inducement were dismissed since ABC was

---

[1] Although the motion is filed on behalf of "American Broadcasting Companies, Inc.," the only named party Defendant remaining in this action is "ABC Television Network." Consequently, the motion will be attributed to this party.

not a party to the agreement.  However, the claims against ABC for intentional infliction of emotional distress and fraud or misrepresentation were allowed to proceed based upon the fact ABC was not a signatory to the agreement and, therefore, could not force Plaintiff to submit the claims to arbitration.

For the first time, ABC now asserts it may take advantage of the arbitration clause in the agreement between RDF and Plaintiff as an express third party beneficiary of that agreement.  Clearly, portions of the agreement contemplates ABC's beneficial status.  The designated party term of "Network" is defined as "any network broadcasting the Series."  Wife Swap Release and Waiver, Agreement Not to Sue, Indemnification and Hold Harmless Agreement, and Participant Agreement, p. 1, first unnumbered paragraph (herein after referenced as the "Agreement.") It is undisputed from the face of the Amended Complaint that ABC was the network broadcasting the "Wife Swap" series.  Other provisions in the Agreement lend credence to the notion that ABC was a contemplated beneficiary to its terms, including:

1) A release to permit medical personnel to communicate Plaintiff's medical and psychological status to the Network and others.  (Agreement, p. 4, ¶ I(D)).
2) A release of the Network and others "from all liabilities arising out of or in connection with any such [background] investigations and/or provision of information." (Agreement, p. 5, ¶ I(F)).

3) A grant of certain designated discretionary rights to the Network and others as outlined in the Agreement. (Agreement, p. 6, ¶ II).

4) A grant of the right to the Network and others to use Plaintiff's likeness for various authorized purposes. (Agreement, p. 6, ¶ II(B)).

5) A prohibition to the taking of video or photographs by Plaintiff during the filming of the episodes without written approval from RDF and a grant to the Network and others to use any such film allowed to be taken. (Agreement, p. 7, ¶ II(D)).

6) A waiver to assert any "moral rights" by Plaintiff against the Network and others. (Agreement, p. 8, ¶ II(D)).

7) A waiver of any right to have Plaintiff's performance used in any episode granted to the Network and others. (Agreement, p. 8, ¶ III(A)).

8) The grant of a right by Plaintiff to the Network and others to film a reunion program. (Agreement, p. 9, ¶ III(D)).

9) A waiver of any representation by the Network and others as to the character of other participants in the program. (Agreement, p. 10, ¶ IV(A)(1)).

10) An assumption of the risk clause with a waiver of liability to the Network and others. (Agreement, p. 11, ¶ IV(A)(2)).

11) An acknowledgment by Plaintiff that no warranties were provided by the Network and others. (Agreement, p. 11, ¶

IV(A)(4)).

12) A grant of discretion to the Network and others to make certain representations on air should Plaintiff choose to cease his participation in the program. (Agreement, p. 13, ¶ IV(B)).

13) The Network designated as one of the defined "Released Parties" under all releases of liability set forth in the Agreement. (Agreement, p. 14, ¶ V(B)).

14) Plaintiff's agreement to execute any documents and take any actions necessary to carry out the terms of the Agreement. (Agreement, p. 18, ¶ VI(C)(11)).

15) Network's inclusion in the confidentiality agreement with Plaintiff as to revealing the content of any episode. (Agreement, p. 19, ¶ VI(D)).

Additionally, the arbitration clause in the Agreement which was fully set forth in this Court's Order of March 19, 2007, refers generically to the applicability of its terms to "Parties." (Agreement, p. 21, ¶ VI(I)(1)). While ABC is not specifically designated as an included participant in this term, it is entirely reasonable to conclude, given the broad language of the provision, that arbitration was the contemplated remedy by the parties should a dispute between Plaintiff and "the Network" arise as to any of the enumerated duties and obligations contained in the Agreement. Under the prevailing case authority in the Tenth Circuit, a party need not be a signatory to the agreement containing the arbitration clause,

provided the agreement is sufficiently clear to establish that party as a third party beneficiary to the agreement. Gibson v. Wal-Mart Stores, Inc., 181 F.3d 1163, 1170 n.3 (10th Cir. 1999) citing MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 946-47 (11th Cir. 1999); Ex Parte Gray, 686 So.2d 250, 251 (Ala. 1996).

In this case, it is evident ABC was contemplated by the signatories to the Agreement as a beneficiary to its terms. Consequently, Plaintiff's claims asserted against ABC are subject to the same arbitration which governs Plaintiff's claims against RDF. However, one consequence of this reconsideration of the Court's prior position is the reinstatement of Plaintiff's claims against ABC for breach of contract and fraud in the inducement as a part of the arbitration proceedings. ABC cannot enjoy the benefits of invoking the arbitration clause as a non-signatory, third party beneficiary to the Agreement without also subjecting itself to potential liability for breach of contract and fraud in the inducement. These claims may still lack merit but, from the perspective of a motion to dismiss arising under Fed. R. Civ. P. 12(b)(6), the issue is best left for the arbitrator as a finder of fact.

As with the claims asserted by Plaintiff against RDF, this Court perceives no utility in maintaining this action or staying this action. Any decision by the arbitrator will be dispositive of Plaintiff's claims. As a result, dismissal is the appropriate disposition for this case.

IT IS THEREFORE ORDERED that Defendant ABC Television Network's Motion to Reconsider Portion of March 19, 2007 Opinon (sic) and Order filed April 2, 2007 (Docket Entry #34) is hereby **GRANTED**, as to the portion of the Motion to Dismiss asserted by Defendant ABC Television Network.  This Court's dismissal of the breach of contract and fraud in the inducement claims brought by Plaintiff against Defendant ABC Television Network contained in the Order of March 19, 2007 is hereby **VACATED**.  Additionally, all claims asserted by Plaintiff in this action against Defendant ABC Television Network are subject to arbitration.  As a result, In light of this ruling, Defendants' Motion to Dismiss Amended Complaint filed July 20, 2006 (Docket Entry # 29) is **GRANTED** in its entirety.  Therefore, this action is hereby **DISMISSED**.

IT IS SO ORDERED this 30th day of November, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE